UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA AND VIJAY GORADIA, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-04-02929 |
| | § | |
| JAMES W. O'CONNOR, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Plaintiffs have requested that this Court withdraw the reference to the Bankruptcy Court. This request is DENIED.

This Court's Order of March 1, 2005, has already remanded this case to the state court from which it was removed.  Such order is made non-appealable by 28 U.S.C.§ 1334(d).  Defendant has sought a writ of mandamus.

Several of Defendant's assertions, in this Court and elsewhere, bear comment:

1.    Defendant asserts that this Court lacked authority to remand because it was sitting as an appellate court.  Defendant provides no authority for this assertion.

2.    In any event, this Court did determine that the Bankruptcy Court had erred in its resolution of the case:  both in entering judgment for Defendant after a hearing at which Plaintiffs' lead counsel was not present and of which he had received no notice; and in holding that the arbitration was dispositive as to Plaintiffs' claims against Defendant.  For these reasons, the Court vacated the Bankruptcy Court's decision.

3.      Although Defendant complains of Plaintiffs' vexatious filings, Defendant does not provide any authority to support his filing of a petition for mandamus.  The Court is unaware of a writ of mandamus having ever been issued on grounds remotely comparable to those at issue here.

As Justice Ginsberg has observed, when Congress enacted the bankruptcy remand provisions, it "meant to enlarge, not to rein in, federal trial court removal/remand authority for claims related to bankruptcy cases."  Things Remembered, Inc. v Petrarca, 516 U.S. 124, 132 (1995) (concurring opinion).

4.      Defendant not only fails to show authority for mandamus, but he fails even to show that the District Court or Bankruptcy Court was ever possessed of jurisdiction.  The case involves non-debtors suing a non-debtor.  The bankruptcy estate is not involved and the parties do not dispute that the estate is without assets.  It will be without assets regardless of the outcome of this proceeding.  This case is not a core proceeding and would not appear to be a "proceeding arising under title 11 or arising in or related to a case under title 11."  28 U.S.C.§ 1334(c)(1).

The request to withdraw the reference is DENIED.

SIGNED this 18th day of April, 2005.

Keith P. Ellison
United States District Judge

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**